IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DOROTHY SMITH, as personal representative for the Estate of Benjamin F. Smith, Jr., deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL CASE NO. 1:22-cv-279-ECM [WO] |
| ELBA NURSING AND REHABILITATION CENTER, LLC, *et al.*, | ) ) ) | |
| Defendants. | ) | |

**O R D E R**

It appears to the Court that the allegations of the Notice of Removal are insufficient to invoke this Court's diversity jurisdiction.  "[T]he removing party bears the burden of demonstrating federal jurisdiction." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 n.4 (11th Cir. 1998).  Plaintiff Dorothy Smith ("Plaintiff") brings suit as the personal representative for the estate of Benjamin F. Smith, Jr., who is deceased.  In a suit brought by a representative, the plaintiff's citizenship is determined by the represented person's citizenship. *See* 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . ."). Moreover, for diversity purposes, "[c]itizenship, not residence, is the key fact that must be alleged." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).  "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (per curiam).  "[D]omicile (or citizenship)

consists of two elements: residency in a state and intent to remain in that state." *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021).  The Notice of Removal sets forth only the residence of the personal representative[1] and not the citizenship of the decedent. (Doc. 1 at 2, para. 4).  Therefore, the Notice of Removal does not adequately establish the grounds for this Court to assume jurisdiction.  Accordingly, for good cause, it is

ORDERED that on or before **June 17, 2022**, the Defendants shall amend their Notice of Removal to sufficiently allege jurisdiction.  If the Defendants fail to do so, the Court may remand this case to the Circuit Court of Coffee County, Alabama, for lack of subject matter jurisdiction.

DONE this 6th day of June, 2022.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Notice of Removal states that the Plaintiff "is a resident of Coffee County, Alabama" and "[t]herefore, Plaintiff is a citizen of the State of Alabama." (Doc. 1 at 2, para. 4).  But for purposes of diversity jurisdiction, residence and citizenship are not coterminous, and citizenship is what must be alleged in order to invoke diversity jurisdiction. *See Taylor*, 30 F.3d at 1367.