IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DOROTHY SMITH, as personal representative for the Estate of Benjamin F. Smith, Jr., deceased,<br><br>    Plaintiff,<br><br>v.<br><br>ELBA NURSING AND REHABILITATION CENTER, LLC, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>CIVIL CASE NO. 1:22-cv-279-ECM<br>[WO] |

## **MEMORANDUM OPINION and ORDER**

Plaintiff Dorothy Smith ("Plaintiff"), as the personal representative for the estate of Benjamin F. Smith, Jr., brought this suit against Defendants Elba Nursing and Rehabilitation Center, LLC ("ERNC") and Aurora Cares, LLC ("Aurora Cares") (collectively, "Defendants") in Alabama state court. Mr. Smith died while he was a resident at ERNC, a nursing facility which Aurora Cares owns and operates in Elba, Alabama. The Plaintiff brings a claim against the Defendants for wrongful death under Alabama law, alleging that the Defendants did not provide adequate medical and nursing care to Mr. Smith, which caused Mr. Smith's death. The Plaintiff seeks damages, post-judgment interest, and costs.

The Defendants removed the case to this Court on May 5, 2022. (Doc. 1). The Court has jurisdiction over this matter pursuant to its diversity jurisdiction. *See* 28 U.S.C. § 1332. The parties are completely diverse, (doc. 12 at 2–4, paras. 4–7), and the amount in

controversy exceeds $75,000, exclusive of interests and costs, (*id.* at 4–7, paras. 13–16). *See* 28 U.S.C. § 1332. The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations to support both.

Now pending before the Court is the parties' consent motion to compel arbitration. (Doc. 14). When Mr. Smith was admitted as a resident at ERNC, the Plaintiff, as Mr. Smith's authorized representative, signed an Admission Agreement on Mr. Smith's behalf. That Admission Agreement contained an arbitration agreement, in which ERNC and Mr. Smith, through the Plaintiff, agreed that "all claims, disputes, and controversies . . . arising out of or relating in any way to the Admission Agreement or any service or health care provided by [ERNC] to [Mr. Smith] shall be resolved exclusively by binding arbitration." (Doc. 14-1 at 2). The arbitration agreement "bind[s] [ERNC], including, but not limited to, its members, affiliated entities, parent companies, . . . [and] managers." (*Id.*). The arbitration agreement also binds "[Mr. Smith] and all persons whose claim arises from or relates to any service or health care provided by [ERNC] to [Mr. Smith] or [Mr. Smith's] stay at [ERNC], including, but not limited to, [Mr. Smith's] . . . executor, executrix, administrator, administratrix, personal representative, . . . [and] legal representatives." (*Id.*).

Pursuant to the Federal Arbitration Act ("FAA"), "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy . . . arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The parties agree that a valid agreement to arbitrate exists, and they do not

2

dispute that the arbitration provisions satisfy the FAA's requirement of a contract "involving commerce." *See id.* Section 3 of the FAA empowers the Court to stay this action while the parties submit to arbitration. *See id.* § 3. Accordingly, upon consideration of the parties' motion, and for good cause, it is hereby

ORDERED that the consent motion to compel arbitration (doc. 14) is GRANTED, and this case is STAYED pending further Orders of this Court so the parties may submit to arbitration. It is further

ORDERED that **on or before the fifth day of each month, beginning on January 1, 2023**, the parties shall file a joint status report advising the Court of the status of the arbitration. It is further

ORDERED that the Court's Rule 26(f) Order entered on June 17, 2022 (doc. 13) is VACATED.

DONE this 27th day of June, 2022.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE